### CITY OF NEW YORK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 20, 1907.)

STREET RAILROADS—COLLISION WITH AUTOMOBILE—EVIDENCE.

    In an action for injuries to an automobile by collision with one of defendant's street cars, evidence *held* insufficient to sustain verdict for plaintiff.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 239–250.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by the city of New York against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

William E. Weaver, for appellant.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent.

McCALL, J. Aside from the question of freedom from contributory negligence, which would bother us very much if it were the only question in the case, we believe that the verdict is absolutely against the weight of evidence. In fact, upon the proof offered, we believe the trial justice should have dismissed the complaint. Against the unequivocal and positive testimony of the president of the Manhattanville & Forty-Second Street Railway Company that the car No. 3,054 (which was the one which collided with plaintiff's automobile) was on that day owned and operated by his road, and that it was not under the control of the defendant or operated by its servants, it would seem inexplicable how a jury could find to the contrary, merely because the evidence showed that the signs on the car bore the names "Broadway and Metropolitan," and this, too, in the face of Mr. Beaver's testimony that they sometimes leased these very cars to operate them over his road. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.